B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Noreen Wiscovitch Rentas, as Chapter 7 Trustee | DEFENDANTS<br><br>Edwin Francisco Vázquez Mejías |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Landrau Rivera & Assoc.<br>Noemi Landrau Rivera, Esq.<br>PO Box 270219 San Juan, PR 00928-3019 | **ATTORNEYS** (If Known) |

| PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Approval of sale of co-owned property

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☒ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

Inscription of hereditary rights over real property

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Wanda Evelyn Vazquez Mejías | BANKRUPTCY CASE NO.<br>19-04434 ESL | |
| DISTRICT IN WHICH CASE IS PENDING<br>San Juan | DIVISION OFFICE | NAME OF JUDGE<br>ESL |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*s/ Noemí Landrau Rivera* | | |
| DATE<br>May 17, 2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Noemi Landrau Rivera, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 19-04434 ESL |
| WANDA EVELYN VAZQUEZ MEJIAS | CHAPTER 7 |
| DEBTORS | |
| NOREEN WISCOVITCH RENTAS, ESQ. CHAPTER 7 TRUSTEE | ADVERSARY NO. _____ |
| PLAINTIFF | APPROVAL OF SALE OF PROPERTY OF THE ESTATE & CO-OWNED PROPERTY 11 U.S.C. §363 & F.R.B.P. 7001 |
| V. | |
| EDWIN FRANCISCO VAZQUEZ MEJIAS | |
| DEFENDANT | |

### COMPLAINT

TO THE HONORABLE ENRIQUE S. LAMOUTTE
UNITED STATES BANKRUPTCY COURT JUDGE:

COMES NOW PLAINTIFF, Noreen Wiscovitch Rentas, (from here on "Trustee"), as the

Chapter 7 Trustee of the bankruptcy estate in the case of Debtor, Wanda Evelyn Vazquez Mejias,

represented by the undersigned legal counsel, and before this Honorable Court most respectfully

states and alleges:

### I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction to entertain the instant matter, which arises under the

Bankruptcy Code and concerns property of the bankruptcy estate, pursuant to section 1334 of Title

28, 28 U.S.C. §1334. The instant complaint is a core proceeding.

2.      This matter is within the Bankruptcy Court's core jurisdiction pursuant to 28 U.S.C.

1

§157 (b)(2)(A), (E), (N) and (O) and 11 U.S.C. §§ 363, 541, 542 & 543 and F.R.B.P. 7001. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

## II.    PARTIES

3.    Plaintiff, Noreen Wiscovitch Rentas, (from here on "Trustee"), is the Chapter 7 Trustee appointed for the administration of the bankruptcy estate in the case of debtor, Wanda Evelyn Vazquez Mejias, (from here on "Debtor"), under case number 19-04434 ESL, pursuant to Notice of Chapter 7 Bankruptcy Case entered by this Court on August 15, 2019. See main case 19-04434 docket no. 4.

4.    Defendant, Edwin Francisco Vazquez Mejias, (from here on "Defendant"), is of legal age, property owner and resident of Calle 34 S.O. #1660, Urb. Las Lomas, San Juan, Puerto Rico.

## III. FACTS

5.    Debtor filed a voluntary Chapter 7 petition for relief on August 4, 2019, under case number 19-04434.

6.    As of the time of the filing for relief, Debtor and Defendant were the legal and universal heirs of their deceased father, Rosario Vázquez García, who died in San Juan, Puerto Rico on October 23, 1989.

7.    At the time of his death, Debtor's father was the fee simple owner of real property (from here on referred to as the "real property"), which became part of the inheritance estate of the deceased Rosario Vázquez García upon his death. The real property is described in the Spanish language, at the Property Registry of the Puerto Rico Department of Justice, as follows:

> "URBANA: Solar radicado en la Urbanización Las Lomas situada en el Barrio Gobernador Piñero (antes Monacillos) de Río Piedras, que se describe en el plano con el número catorce de la manzana "AA", con un área de trescientos sesenta y seis metros cuadrados con sesenta

centésimas de metro cuadrado y en lindes por el NORTE: con el solar número trece, distancia de treinta metros; por el SUR: con el solar número trece, distancia de treinta metros; por el ESTE: con un canal de desagüe, distancia de doce metros con veintidós centímetros; por el OESTE: que se su frente, con la calle número dieciocho, distancia de doce metros con veintidós centímetros."

"Sobre este solar enclava una casa de hormigón que contiene sala-comedor, cocina, baño, tres habitaciones y balcón."

"Inscrita a la Finca 1470, Folio 42 del Tomo 41 de Monacillos, Tercera Sección Registro de la Propiedad de San Juan"

8.      As of the time of Debtor's filing for relief the title over the real property appeared inscribed in favor of Debtor's and Defendant's deceased father, Rosario Vázquez García, at the Property Registry, Third section of San Juan.

9.      Prior to Debtor's filing for relief, on January 22, 1990, state court Judge Antonio L. Corretjer Piquer, for the Superior State Court of San Juan, entered Resolution for Declaration of Heirs in case number KJV90-0046 (806), declaring that Debtor and Defendant are the sole and universal heirs of the deceased Rosario Vazquez García and declaring that his widow, Matilde G. Mejías Santos is also an heir entitled to the widow usufruct ("cuota legal usufructuaria"). See declaration of heirs issued by the local court included herein and identified as **Exhibit A**.

10.     The widow of the deceased, Matilde G. Mejías Santos, was not the registered owner of the real property as the deceased had acquired it while he was single.

11.      The widow of the deceased, Matilde G. Mejías Santos, died in Río Piedras, Puerto Rico on October 3, 1990. On May 25, 1993, state court Judge Hector Brull Cestero, for the Superior State Court of San Juan, entered Resolution for Declaration of Heirs in case number 93-5384 (501), declaring that Debtor and Defendant are the sole and universal heirs of the deceased Matilde G. Mejía Santos. See **Exhibit B**.

3

12.     As of the time of the filing for relief the real property was co-owned by the Debtor and Defendant, by virtue of their hereditary rights over the inheritance estate of their deceased father, Rosario Vázquez García, each with a participation of 50% over the real property. Debtor holds a 50% participation in the real property and Defendant holds the other 50% participation.

13.     Upon information and belief, the real property has been valued in the amount of $80,000.00. No homestead exemption has been claimed by Debtor over the real property.

14.     As of the time of the filing for relief the Debtor had not waived, renounced or in any way transferred her rights over the estate of her deceased father, Rosario Vázquez García.

15.     The bankruptcy case filed by Debtor includes debts, liabilities and obligations held by the inheritance estate of Debtor's deceased father, Rosario Vázquez García, subject to payment thru the liquidation of the real property.

16.     Upon the filing for relief, Debtor's 50% ownership and inheritance participation in the real property became part of the bankruptcy estate under the administration of Trustee pursuant to 11 U.S.C. §541.

17.     Debtor's 50% inheritance participation over the real property was listed by the Debtor at item 32 of Schedule A/B filed under penalty of perjury on August 4, 2019 and described as follows: "undivided hereditary interest in [a] 2 level res[idential] prop[erty] @ SO 1660 Calle 34 Las Lomas, San Juan". See main case 19-04434 docket number 1.

18.     Real property is held in community between the bankruptcy estate and Defendant.

19.     Trustee intends to administer and liquidate the real property which is co-owned with Defendant pursuant to the provisions of 11 U.S.C. §363 and F.R.B.P. 7001 for the benefit of the bankruptcy estate. Proceeds obtained from the liquidation of the real property will be divided

4

amongst the bankruptcy estate and the co-owner of the real property after payment of any liens, costs of sale and liquidation expenses, pursuant to the participations of Debtor and Defendant in the real property. Proceeds from liquidation of Debtor's participation in real property will be distributed to creditors and parties in interest pursuant to the provisions of the Bankruptcy Code.

20.     Debtor and Defendant are jointly liable for the payment of the liens, costs and expenses associated with the sale and liquidation of the real property and any other outstanding claim pending against the real property of the estate of the deceased Rosario Vázquez García.

### IV. CAUSE OF ACTION
### SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. §363(h) & F.R.B.P. 7001

21.     Plaintiff-Trustee repeats and realleges the allegations contained in paragraphs 3 to 20 of this Complaint, as fully set forth herein.

22.      Plaintiff-Trustee seeks authorization to sell the real property and pay Defendant, co-owner, 50% of proceeds of sale after payment of liens, expenses and costs of liquidation and sale. The other 50% of proceeds to be distributed by Trustee pursuant to the provisions of the Bankruptcy Code pursuant to 11 U.S.C. §363(h) and 11 U.S.C. §726(c).

23.     Plaintiff-Trustee affirmatively alleges that to obtain benefit from the sale of the real property, the same must be sold as a single unit, as the real property constitutes a complete and independent lot inscribed at the Property Registry for the Second section of Caguas, as described in paragraph seven (7) of this complaint.

24.     Plaintiff-Trustee further alleges that:

**a)** Partition of the real property between the estate and the co-owner is impracticable;

**b)** Sale of the estate's undivided interest in the real property would bring

5

significantly less for the estate than a sale of the entire real property;

**c)** The benefit to the estate outweighs the detriment, if any, to the co-owner Defendant herein, who does not live in the real property and has not expressed any interest in acquiring Debtor's participation over the same;

**d)** The real property is not used in the production, transmission, or distribution of electric energy or natural gas sold for heat, power, or light.

25.   Trustee has received a good faith offer for the purchase of real property, which will be notified pursuant to Motion for Sale to be filed by Trustee upon entry of judgment authorizing sale in the instant adversary proceeding.

26.   Trustee's sale of the real property will be beneficial to the bankruptcy estate and Defendant, and it will allow for the prompt liquidation of assets of the bankruptcy estate.

WHEREFORE, Plaintiff-Trustee hereby respectfully prays that this Court enter Judgment as follows:

a.   Judgment in favor of Plaintiff allowing Trustee to sell the real property described in paragraph seven (7) of this complaint free and clear of co-ownership interest, pursuant to 11 U.S.C. §363;

b.   Enter judgment authorizing Plaintiff-Trustee to appear on behalf of Defendant, Edwin Francisco Vazquez Mejías, to sign any public or private document necessary to complete the sale of the real property described in paragraph seven (7) of this complaint;

c.   Enter judgment allowing the Trustee to receive and distribute funds received from the sale of the real property, including payment to Defendant of 50% of the

6

proceeds of the sale after payment of liens, costs, and expenses of liquidation and

sale;

d.      Enter judgment directing the Registrar of the Property Registry for the Third

Section of San Juan, to inscribe the real property described in paragraph seven (7)

of this complaint in favor of the legal and universal heirs of Rosario Vazquez

García: Wanda Evelyn Vazquez Mejías and Edwin Francisco Vazquez Mejías, with

a total value of $80,000.00, each heir holder of a 50% participation in the real

property valued at $40,000.00.

e.      Order such other relief as this Court deems just and proper.

RESPECFULLY SUBMITTED.

In San Juan, Puerto Rico this 17th day of May 2022.

> LANDRAU RIVERA & ASSOC.
> Counsel for Plaintiff-Trustee
> PO Box 270219
> San Juan, PR 00928-3019
> Tel. 787-774-0224
>
> */s/ Noemí Landrau Rivera*
> USDC 215510
> nlandrau@landraulaw.com

7

**EXHIBIT A**

EN EL TRIBUNAL SUPERIOR DE SAN JUAN
SALA DE SAN JUAN

WANDA EVELYN VAZQUEZ MEJIAS     *  CIVIL NUM. KJV90-0046

    Peticionario                          *  SOBRE:                          (806)

EX-PARTE                                     *  DECLARATORIA DE HEREDEROS

  *   *   *   *   *   *   *   *   *

RESOLUCION

POR CUANTO   la peticionaria Wanda Evelyn Vázquez Mejías, solicitó bajo juramento de este Tribunal la Declaratoria de Herederos de su padre Rosario Vázquez García, según lo dispone el Artículo 552 del Código de Enjuiciamiento Civil de Puerto Rico, según enmendado y la sección 2301 del Titulo 32 de Leyes de Puerto Rico Anotadas.

Vista la solicitud de la peticionaria y de conformidad con la prueba documental presentada, el Tribunal declare con lugar la misma y decreta como únicos y universales herederos de don Rosario Vázquez García, quien falleció en San Juan, Puerto Rico el día 23 de octubre de 1989, A: sus hijos: Edwin Francisco y Wanda Evelyn, ambos de apellidos Vázquez Mejías y a su viuda Doña Matilde G. Mejías Santos en la cuota legal usufructuaria.

REGISTRESE Y NOTIFIQUESE

DADO en San Juan, Puerto Rico a 22 de ____ de 1990.

ANTONIO L. CORRETJER PIQUE
JUEZ SUPERIOR

CERTIFICACION
CERTIFICO que la presente es copia fiel y exacta del original que obra en autos y expido la misma a petición de Parte Interesada
☑ previo el pago de derechos ☐ para uso oficial libre de derechos.

Por Paulita Santiago
Secretario
Por _____
Sub-Secretario

MAR 21 1990





A6770101
3580204

3580256

**EXHIBIT B**

EN EL TRIBUNAL SUPERIOR DE PUERTO RICO
SALA DE SAN JUAN

WANDA EVELYEN VAZQUEZ MEJIAS    *    CIVIL NUM. 93- 5384 (801

   Peticionaria    *    Sobre:

Ex-Parte    DECLARATORIA DE HEREDEROS

_____    *

RESOLUCION

POR CUANTO: La peticionaria Wanda Evelyn Vázquez Mejías solicitó de este Tribunal la Declaratoria de Herederos de Matilde G. Mejías Santos, quien falleció en Río Piedras, Puerto Rico, el día 3 de octubre de 1990, sin dejar testamento.

POR CUANTO: De la prueba documental ofrecida resulta que doña Matilde G. Mejías Santos era viuda de Rosario Vázquez García, con quien procreó dos hijos de nombres: Wanda Evelyn y Edwin Francisco, ambos de apellidos Vázquez Mejías.

POR CUANTO: A la causante no se le conoció otros hijos que los anteriormente mencionados.

POR CUANTO: Habiendo sido practicada la búsqueda en los papeles dejados por la causante, sin que se haya encontrado documento alguno relativo a la última voluntad de ésta.

POR CUANTO: La peticionaria sometió evidencia documental consistente de:

a- Certificados de Nacimiento de Wanda Evelyn y Edwin Francisco, ambos de apellidos Vázquez Mejías.

b- Certificado de defunción de doña Matilde G. Mejías Santos.

c- Certificación negativa de Testamento, emitida por el Tribunal Supremo de Puerto Rico, Registro de Poderes y Testamentos.

POR TANTO: Se declaran como únicas y universales herederos de doña Matilde G. Mejías Santos a sus hijos de nombres Wanda Evelyn y Edwin Francisco, ambos de apellidos Vázquez Mejías.

Regístrese y Notifíquese.

DADA en San Juan, Puerto Rico, a     de      de 1993.

MAY 2 5 1993

CARMEN L. LOPEZ CRUZ
Sec. General

Por J. Quintón
Sec. Aux.

JUEZ SUPERIOR
HECTOR BRULL CESTERO